Andrew Gerber (AG 0779)
Jordan Fletcher (JF 6161)

KUSHNIRSKY GERBER PLLC
25 Broadway, 9th Floor
New York, NY 10004
(212) 882-1320
*Attorneys for Plaintiff David Anasagasti*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID ANASAGASTI : <br> : <br> Plaintiff, : <br> v. : <br> : <br> AMERICAN EAGLE OUTFITTERS, INC. : <br> : <br> Defendant. : <br> : | Case No.   14 Civ. 5618 (ALC) <br> **ECF CASE** <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff David Anasagasti, by his attorneys Kushnirsky Gerber PLLC, for his complaint against defendant American Eagle Outfitters, Inc. ("AEO") alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of Defendant AEO's blatant, unlawful and pervasive infringement of Mr. Anasagasti's artwork across the internet and around the world.

2. Mr. Anasagasti is an acclaimed street artist based in Miami, Florida, known widely by the pseudonym Ahol Sniffs Glue. He creates large-scale murals and other distinctive works immediately recognizable by their inclusion of a signature eyeball motif. In recent years, Mr. Anasagasti has painted a number of the iconic, building-sized murals for which Miami's Wynwood Art District is famous.

3. Two of Mr. Anasagasti's works are at issue in this lawsuit and are shown in part below. Mr. Anasagasti's painting "AholSniffsGlue Ocean Grown" ("Ocean Grown") is a

1

celebrated fixture in the Wynwood Art District and is depicted in part at left.  Another piece, "ASG Red Pattern GS" ("Red Pattern," and together with "Ocean Grown," the "Infringed Works"), depicted at right, was displayed at the gallery of Mr. Anasagasti's agent in Miami and appears as many of the top hits returned by a Google image search for the term "Ahol Sniffs Glue."

 

4.   Beginning in early 2014, AEO – a retailer of teen and young adult apparel that operates more than 1,000 stores around the world and ships to customers in at least 81 countries through its e-commerce websites – began featuring the Infringed Works without Mr. Anasagasti's permission as part of a globe and internet-spanning advertising campaign.

5.   The scope of this unlawful use has been extraordinary.  AEO placed the Infringed Works at the heart of its efforts to promote its products and shape its brand identity.  The Infringed Works appeared on AEO websites, social media, billboards, advertisements and in-store displays.  The Infringed Works appeared in cities across the United States, as well as – inasmuch as Mr. Anasagasti has been able to identify – in Colombia, Panama and Japan.  Several examples of these infringing uses are shown below.  They include:  (1) AEO's website homepage above the fold; (2) a street-facing window display at an AEO retail store in Tokyo,

2

Japan; (3) AEO's website homepage below the fold; (4) in derivative form on a wall outside the AEO retail store in Medellin, Colombia; and (5) an AEO billboard on Houston Street and Broadway in New York City.






WOMEN'S LOOKBOOK: NEON BRIGHTS
CHANNEL BRIGHT LIGHTS IN
DAY-GLO NEON HUES.


MEN'S LOOKBOOK: NEON BRIGHTS
SUN-SOAKED HUES
& HEAD-TURNING PRINTS.


MEN'S WEB EXCLUSIVES
A COLLECTION OF STYLES
YOU'LL ONLY FIND HERE.









6. Not only did AEO fail to credit or compensate Mr. Anasagasti for its use of the Infringed Works, in one widely-disseminated image, it chose to pose its own model with a can of blue spray paint in front of Mr. Anasagasti's work "Ocean Grown." Set alongside other advertising from the same photo shoot – in which attractive young models were filmed and photographed painting street art murals in the Wynwood Art District – this image deceptively implied that AEO's young, clean-cut and apparently-Caucasian model was the creator of "Ocean Grown." In fact, Mr. Anasagasti is bearded, heavily-tattooed and Cuban-American.

7. Mr. Anasagasti asserts a claim for copyright infringement under the United States Copyright Act, 17 U.S.C. §101, *et seq*. (the "Copyright Act"). He seeks damages, injunctive relief, and recovery of his costs and attorney's fees.

## JURISDICTION AND VENUE

8. This is an action for copyright infringement under the Copyright Act. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§1331 and 1338.

9. The court has personal jurisdiction over AEO pursuant to N.Y. C.P.L.R. §§ 301 and 302. AEO does continuous and systematic business in New York and in this District and maintains at least 10 retail locations here. AEO has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit. It has also committed acts outside of New York that caused injury to Plaintiff within New York; regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

10. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400 because AEO does business, may be found and is subject to personal jurisdiction here. Further, a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

## PARTIES

11. Plaintiff David Anasagasti is an individual who resides in Miami, Florida. Mr. Anasagasti owns the copyrights for the Infringed Works at issue in this action.

12. Defendant American Eagle Outfitters, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania. AEO conducts significant business in New York State and has at least 10 retail locations in this District.

## FACTUAL BACKGROUND

**I.     Artist David Anasagasti**

13. Mr. Anasagasti, who works under the pseudonyms Ahol Sniffs Glue and Alouishous San Gomma, is a rising star in the world of Miami street art. He was recently named Best Street Artist of 2014 by the Miami New Times.

14. Mr. Anasagasti painted one of the first iconic wall murals in Miami's famed Wynwood Art District – a vibrant neighborhood whose building exteriors are covered with hundreds of large, colorful murals. That first work, created in 2005, now resides at the Margulies Collection in Miami and forms part of its lauded permanent collection. His work appeared in the Scope International Contemporary Art Show in Miami and New York in 2010. Since then, he has continued to create and show distinctive pieces incorporating his eyeball motif, including "Ocean Grown" and "Red Pattern." Mr. Anasagasti's works were described as

"eyes of genius" by the Miami New Times in 2012.  He has also been profiled by the Huffington Post and South Florida's NBC affiliate.

15. Mr. Anasagasti has registered the copyrights in the Infringed Works.  Copies of the Certificates of Registration for each are attached hereto as **Exhibit A**.

16. Mr. Anasagasti has never permitted his work to be used to advertise or sell commercial products.  Indeed, much of Mr. Anasagasti's art is framed as a criticism of contemporary American commercialism and the commodification of native images and symbols.  Given that he hails from the counter-culture world of underground street artists, Mr. Anasagasti's reputation as an artist has been founded, in part, on a public perception that Mr. Anasagasti doesn't "sell out" to large corporate interests.  Yet ironically, in today's fashion marketplace, affiliation with artists bearing such "street credibility" is highly sought-after by retail brands for the cultural cachet and access to the profitable youth demographic that it offers.

17. As Mr. Anasgasti has grown as an artist, he has retained strict control over any commercial use of his work and become increasingly averse to placing his art in commercial settings.  Mr. Anasagasti has never licensed or otherwise authorized anyone to copy, distribute, or publicly disseminate the Infringed Works or make derivative works therefrom.

18. Just as his artistic career was gathering steam, AEO used Mr. Anasagasti's artwork around the world to hawk denim cutoff shorts and surfer t-shirts.  The damage to Mr. Anasagasti – both as an individual artist and as his Ahol Sniffs Glue persona – has been significant.

II. **Defendant's Infringement**

A. **AEO's Spring 2014 Campaign**

19. Defendant AEO is a retailer of teen and young adult clothing, accessories and personal care products with over 1,000 stores in the United States and at least 15 other countries throughout the world.  AEO also ships its products to consumers in at least 81 countries through

its e-commerce websites.  For its fiscal year ending on February 1, 2014, AEO reported revenues of over $3 billion dollars.

20. Upon information and belief, beginning at least as early as March 7, 2014, AEO launched a new advertising campaign for Spring 2014.  In preparation for this campaign, AEO commissioned a professional photo shoot in the Wynwood Art District of Miami using hired models.

21. At the time of the photo shoot, AEO knew that it would need to obtain proper permissions for creative works used in its advertising campaign.  AEO vigorously protects its own intellectual property and is well versed in copyright law.

22. Upon information and belief, at the time of the photo shoot, AEO was in possession of contact information for Mr. Anasagasti and knew he was the creator of the Infringed Works.  Nonetheless, AEO never sought Mr. Anasagasti's consent to use his artwork in its commercial advertising.  In fact, despite featuring his work online, in social media and in stores and public advertisements around the world, AEO provided neither credit nor compensation to Mr. Anasagasti.

23. Not only did AEO fail to credit or compensate Mr. Anasagasti for its use of the Infringed Works, in one widely-disseminated image, it chose to pose its own model with a can of blue spray paint in front of Mr. Anasagasti's work "Ocean Grown."  Set against the context of the larger photo shoot – in which a group of attractive young models were photographed and filmed painting street art murals in the Wynwood Art District – this image deceptively implied that AEO's young, clean-cut and apparently-Caucasian model was the creator of "Ocean Grown."  In fact, Mr. Anasagasti is bearded, heavily-tattooed and Cuban-American.

8

24. Upon information and belief, AEO shared the entire spectrum of promotional materials for its Spring 2014 advertising campaign with AEO's retail stores across the United States and with its affiliates and franchises in at least 15 countries outside the United States.

25. Any infringing use of Mr. Anasagasti's works by AEO outside the United States stems from, and is predicated upon, AEO's unlawful copying of the Infringed Works in the United States and its distribution of infringing materials from the United States.

26. AEO used the Infringed Works around the world and on the internet to sell specific products and to increase the value and popularity of its brand.

B. **Infringing Use on AEO's Websites**

27. As early as March 7, 2014, AEO prominently displayed "Ocean Grown" in numerous locations on its website at www.ae.com as part of its Spring 2014 promotional campaign. In total, AEO used at least three separate photographs of "Ocean Grown," along with various modified versions thereof. Copies of web pages reflecting such use are attached hereto as **Exhibit B**.

28. AEO positioned one such image of "Ocean Grown" on its website homepage above the fold, making it the first thing visitors to AEO's site saw upon arriving at the website. "Ocean Grown" was also featured as the dominant element of other subpages on AEO's website.

29. AEO used "Ocean Grown" on its website to sell men's clothing, men's web exclusives, graphic and printed tank tops, jeans and denim shorts. Upon information and belief, AEO also intentionally placed images of "Ocean Grown" near other products on its website in order to increase sales of those products, as well.

30. According to promotional materials published by Adobe Systems Incorporated, AEO uses cloud marketing software to collect user data, track customer purchases and customize its website content in real-time based on the behavior of visitors to its website. Upon

information and belief, AEO collected user data, analyzed web-surfing behavior and tracked purchases from visitors to its website who viewed or clicked on images of "Ocean Grown." AEO profited from all of these activities, and, upon information and belief, AEO has the ability to measure, with granular detail, the sales conversions and profits it derived from the use of "Ocean Grown" on its website.

31.     Upon information and belief, AEO's main website at www.ae.com has received over two million unique visitors during each month of 2014 to date.

32.     Upon information and belief, AEO maintains region-specific websites for foreign countries and non-English languages, and these websites contain content identical to or closely resembling that of the primary www.ae.com homepage. Upon information and belief, these region-specific and non-English language AEO websites also used "Ocean Grown" in the same or similar form as was shown on www.ae.com.

C. **Infringing Use in AEO's Social Media Advertising**

33.     AEO actively employs social media to promote its brand and advertise its products to consumers in the United States and around the world. AEO's use of social media includes, but is not limited to, Facebook, Instagram, Twitter, Pinterest, blogging and YouTube.

34.     As part of the advertising for its Spring 2014 campaign, AEO used "Ocean Grown" in social media advertising.

35.     AEO's Facebook page has over 9 million 'likes' from other Facebook users.

36.     Upon information and belief, AEO sends targeted advertising to Facebook users who 'liked' the AEO Facebook page.

37.     "Ocean Grown" was included in advertising posted on AEO's Facebook page. Copies of these advertisements are attached hereto as **Exhibit C**.

38. Upon information and belief, "Ocean Grown" was included in targeted advertising sent to Facebook users who 'liked' the AEO Facebook page.

39. AEO's primary Instagram page, @americaneagle, has over 485,000 followers.

40. "Ocean Grown" was included in advertising posted on AEO's primary Instagram feed. "Ocean Grown" was also included in AEO's Colombian Instagram feed. Copies of these advertisements posted on AEO's Instagram feeds are attached hereto as **Exhibit D**.

41. AEO's Twitter feed, @AEO, has over 300,000 followers.

42. Upon information and belief, "Ocean Grown" was included in advertising posted on AEO's Twitter feed.

43. AEO's Pinterest page has over 48,000 followers.

44. "Ocean Grown" was included in advertising posted on AEO's Pinterest page. Copies of these advertisements are attached hereto as **Exhibit E**.

45. AEO maintains a web blog at blog.ae.com. Upon information and belief, "Ocean Grown" was included in advertising posted on AEO's blog.

46. AEO maintains its own YouTube channel located at www.youtube.com/user/americaneagle.

47. "Ocean Grown" was featured in at least two promotional videos hosted on AEO's YouTube channel. In particular, a tracking close-up of "Ocean Grown" is the first shot in the video entitled "Now Trending: Matchbacks," located at https://www.youtube.com/watch?v=vp12kUWW95s. Upon information and belief, AEO altered the colors of "Ocean Grown" in that video in order to match it with the colors of the clothing being advertised in that video.

48. "Ocean Grown" also appears repeatedly in a video entitled "Meet the Cast: Brian." The video, located at

11

https://www.youtube.com/watch?v=fZVB_LW050c&index=7&list=PLuOO4vzBlQcIiFqHNioc9b2L4E77jknO2, is a short feature that documents one model's participation in the Miami photo shoot and depicts him posing in front of "Ocean Grown."

49. Copies of stills from these two videos are attached hereto as **Exhibit F**.

50. Upon information and belief, AEO also displayed these videos on screens in AEO retail locations throughout the United States and the world, including at AEO's flagship location in Times Square in New York City. AEO continues to display these videos in at least some of its retail stores.

### D. Infringing Use in Billboard and In-Store Display Advertising

51. Upon information and belief, AEO's Spring 2014 promotional campaign included the worldwide release of billboard and in-store display advertising in March 2014. These materials consisted of billboard advertising, in-store poster and screen advertising, and large-scale mural advertisements.

52. For example, AEO placed "Ocean Grown" on its billboard at the corner of Houston Street and Broadway, the heart of one of New York City's busiest shopping districts. An image of this billboard is attached hereto as **Exhibit G**.

53. Upon information and belief, AEO used the Infringed Works on billboard advertisements in this manner throughout the United States and the rest of the world.

54. Similarly, AEO placed "Ocean Grown" on a one-story-tall, outward-facing display that occupies the entire front window of its storefront in the Shibuya shopping district of Tokyo, Japan. It also placed "Ocean Grown" in a billboard advertisement for a Japanese store opening. In Panama City, Panama, AEO used "Ocean Grown" in a mural advertisement for a new retail location. Images of these uses are attached hereto as **Exhibit H**.

55. Upon information and belief, AEO placed the Infringed Works on large-scale mural advertisements in this manner throughout the United States and the rest of the world.

56. "Red Pattern" was displayed at the gallery of Mr. Anasagasti's agent in Miami and appears as many of the top hits returned by a Google image search for the term "Ahol Sniffs Glue."

57. For the grand opening celebration of its retail location in Medellin, Colombia, AEO created a derivative version of Mr. Anasagasti's work "Red Pattern" and displayed it on an eight-foot-tall panel outside of its new storefront.  Copies of press photographs taken at the unveiling of this display at the store opening celebration are attached hereto as **Exhibit I**.

58. As shown in the photographs taken in Medellin, AEO created a sloppy reproduction of "Red Pattern" and affixed its own trademark eagle logo directly onto the work itself, essentially incorporating Mr. Anasagasti's artwork into AEO's own brand identity.

59. Upon information and belief, AEO used the Infringed Works as in-store display advertising throughout the United States and the rest of the world.  The Infringed Works appeared both as framed pieces and as still images played on television screens in AEO retail stores.  Images showing representative examples of such use are attached hereto as **Exhibit J**.

E. **Defendant Has Failed to Address the Infringement**

60. On May 5, 2014, counsel for Mr. Anasagasti informed AEO by letter that its widespread use of Mr. Anasagasti's artwork was unauthorized and unlawful, and AEO confirmed receipt thereof.  Yet even as of the middle of July 2014, over two months later, AEO continued to use at least one of the Infringed Works without permission on its social media sites and in its retail stores.  AEO's infringement of Mr. Anasagasti's artwork has been willful, and it has been unjustly enriched by this willful infringement.

61. Mr. Anasagasti has suffered and continues to suffer damages, including damages to his reputation, as a result of AEO's unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq.***

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 61 above, and incorporates them herein by this reference.

63. Plaintiff David Anasagasti is the legal owner of all right, title and interest to the Infringed Works. Plaintiff David Anasagasti is the legal owner of the copyrights in these works.

64. Defendant AEO has copied, reproduced, distributed, adapted and/or publicly displayed the Infringed Works without the consent, permission or authority of Plaintiff.

65. AEO's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

66. AEO's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

67. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

68. As a result of the infringement that began in and stemmed from the United States, AEO has unlawfully profited in the United States and around the world.

69. Plaintiff is entitled to his actual damages and AEO's profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

70. AEO will continue to willfully infringe Plaintiff's rights in the Infringed Works unless restrained by the Court. Plaintiff is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Awarding Plaintiff his actual damages and Defendant AEO's infringement-related profits pursuant to 17 U.S.C. § 504;

2. Granting an injunction that permanently restrains and enjoins AEO and all those persons or entities in active concern or participation with it from copying, reproducing, distributing, adapting and/or publicly displaying any works belonging to Plaintiff, including the Infringed Works;

3. Awarding Plaintiff costs, attorneys' fees and expenses to the full extent provided by the U.S. Copyright Act;

4. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums.

5. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2014

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____/s/ Andrew Gerber_____
Andrew Gerber (AG 0779)
Jordan Fletcher (JF 6161)
andrew@kg-firm.com
jordan@kg-firm.com

25 Broadway, 9th Floor
New York, NY 10004
(212) 882-1320

*Attorneys for Plaintiff David Anasagasti*

15