Lisa Pearson
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building, 1114 Avenue of the Americas
New York, NY, 10036-7703
(212) 775-8725
LPearson@KilpatrickTownsend.com

Charles H. Hooker III (*pro hac vice* application to be submitted)
W. Andrew Pequignot (*pro hac vice* application to be submitted)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30309-4528
(404) 815-6500
APequignot@KilpatrickTownsend.com
CHooker@KilpatrickTownsend.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID ANASAGASTI<br><br>Plaintiff<br><br>v.<br><br>AMERICAN EAGLE OUTFITTERS, INC.<br><br>Defendant | Case No.   14 Civ. 5618 (ALC)<br>ECF CASE<br><br><br>**ANSWER** |

Defendant American Eagle Outfitters, Inc. ("AEO") responds to the Complaint filed by Plaintiff David Anasagasti as follows:

1. Denies the allegations of Paragraph 1 of the Complaint.

2. Admits on information and belief that Plaintiff is a street artist based in Miami, Florida who uses the pseudonym Ahol Sniffs Glue, and lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3. Admits that Plaintiff alleges he painted the works depicted in Paragraph 3 of the Complaint and that Plaintiff calls these works "AholSniffsGlue Ocean Grown" and "ASG Red Pattern GS," but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Admits that AEO is a retailer, sells apparel to 15-25 year old men and women, among others, operates, or through its licensed partners operates, more than 1,000 stores in multiple countries, and ships its products to customers in 81 countries through its e-commerce website; admits that AEO posted images from its 2014 Alternative Spring Break campaign on its website; admits that certain outdoor images depicted the streets, architecture, and outdoor signage and murals of the Wynwood Art District in the background; and, except as expressly admitted herein, denies the allegations in Paragraph 4 of the Complaint.

5. Refers to the images of AEO's website, social media pages, in-store displays, and billboard shown on pages 3 and 4 of the Complaint for their contents; admits that certain of these images were displayed in cities inside and outside of the United States; and, except as expressly admitted herein, denies the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations of Paragraph 6 of the Complaint.

7. Admits that Plaintiff asserts a claim for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq* and that Plaintiff seeks damages, injunctive relief, and recovery of his costs and attorneys' fees; but denies liability and Plaintiff's entitlement to obtain the relief he seeks.

**JURISDICTION AND VENUE**

8.     Admits the allegations of Paragraph 8 of the Complaint.

9.     Admits that AEO does business in New York and in this District, where it maintains at least 10 retail locations; admits AEO has transacted business in New York, has contracted to supply goods and services in New York, and has derived revenues from the same; and, except as expressly admitted herein, denies the allegations in Paragraph 9 of the Complaint.

10.     Admits the allegations in the first sentence but denies allegations in the second sentence of Paragraph 10 of the Complaint.

**PARTIES**

11.     Admits that Plaintiff is an individual, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies the same.

12.     Admits it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pittsburgh, Pennsylvania; admits it conducts business in the State of New York and has at least 10 retail locations in this District; and, except as expressly admitted herein, denies the allegations in Paragraph 12 of the Complaint.

**FACTUAL BACKGROUND**

13.     Admits on information and belief that Plaintiff uses the pseudonym Ahol Sniffs Glue, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore denies the same.

14.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Refers to the documents attached to the Complaint as Exhibit A for their contents and, except as expressly admitted herein, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Denies the allegations of Paragraph 18 of the Complaint.

19. Admits it is a retailer of clothing, accessories, and personal care products and its customers include 15-25 year old men and women and young adults; admits that it operates, or through its licensed partners operates, more than 1,000 retail stores in multiple countries; that its e-commerce website offers shipping to more than 81 countries; and that it reported revenues of over $3 billion for the fiscal year ending on February 1, 2014. Except as expressly admitted herein, AEO denies the allegations in Paragraph 19 of the Complaint.

20. Admits that it launched its seventh annual Alternative Spring Break campaign on or about March 7, 2014, and avers that AEO's Alternative Spring Break is a philanthropic effort, undertaken by AEO in collaboration with the Student Conservation Association, through which students engage in community service projects, such as planting endangered Joshua trees in Joshua Tree National Park, building hiking trails in the Grand Canyon, restoring wildlife habitats, and improving derelict urban sites. AEO further avers that for the 2014 Alternative Spring Break, selected students traveled to Miami to clear, clean, and transform a vacant lot in the Wynwood Art District into a work of art with the help of street artist Lakwena, and that these

activities were professionally photographed. Except as expressly admitted herein, AEO denies the allegations in Paragraph 20 of the Complaint.

21. Admits that AEO endeavors in good faith both to protect its own intellectual property rights and to respect the intellectual property rights of others, and that in connection with its 2014 Alternative Spring Break, AEO worked through third parties to obtain permission to include street scenes from the Wynwood Art District in the background of photographs taken to document AEO's Alternative Spring Break community service project. Except as expressly admitted herein, AEO denies the allegations in Paragraph 21 of the Complaint.

22. Admits that AEO did not obtain advance permission from or provide credit or compensation to Plaintiff in connection with its 2014 Alternative Spring Break campaign; avers that AEO worked through third parties to identify rights holders in outdoor artwork in the Wynwood Art District and to obtain necessary permissions and guidance; avers that AEO did not know that Plaintiff claimed to own a copyright in one of the murals depicted in the background of certain photographs in the 2014 Alternative Spring Break campaign until after AEO received a letter from Plaintiff's counsel on or about May 5, 2014; and, except as expressly admitted herein, denies the allegations in Paragraph 22 of the Complaint.

23. Refers to the referenced photograph for its contents; avers that the individual shown in the photograph was a participant in AEO's 2014 Alternative Spring Break project, and the Alternative Spring Break participants were, among other things, using cans of spray paint to create a mural to beautify a vacant lot in the Wynwood Art District as a community service project approved by the Student Conservation Commission; lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 23 of

the Complaint; and, except as expressly admitted herein, denies the allegations in Paragraph 23 of the Complaint.

24. Admits that it provided certain images from its 2014 Alternative Spring Break project to certain AEO retail stores in the United States and abroad; avers that not all images in all formats from the 2014 Alternative Spring Break project were provided; and, except as expressly admitted herein, denies the allegations of Paragraph 24 of the Complaint.

25. Denies the allegations of Paragraph 25 of the Complaint.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Admits that as early as March 7, 2014 AEO posted images from its 2014 Alternative Spring Break campaign on its website; admits that certain outdoor images depicted the streets, architecture, and outdoor signage and murals of the Wynwood Art District in the background; refers to those images and Exhibit B for their contents; and, except as expressly admitted herein, denies the allegations in Paragraph 27 of the Complaint.

28. Denies the allegations of Paragraph 28 of the Complaint.

29. Admits that certain outdoor images that appeared on AEO's ecommerce website depicted the streets, architecture, and outdoor signage and murals of the Wynwood Art District in the background, and, except as expressly admitted herein, denies the allegations in Paragraph 29 of the Complaint.

30. Admits that it uses software to collect data and track certain consumer behaviors and sales on AEO's website, and except as expressly admitted herein, AEO denies the allegations in Paragraph 30 of the Complaint.

31. Admits the allegations of Paragraph 31 of the Complaint.

32. Admits that it maintains websites for certain foreign countries and non-English languages, and these websites contain content closely resembling that of www.ae.com; admits that certain outdoor images that appeared on these websites depicted the streets, architecture, and outdoor signage and murals of the Wynwood Art District in the background; and, except as expressly admitted herein, denies the allegations in Paragraph 32 of the Complaint.

33. Admits the allegations of Paragraph 33 of the Complaint.

34. Admits that certain outdoor images from its 2014 Alternative Spring Break campaign that appeared in AEO's social media depicted the streets, architecture, and outdoor signage and murals of the Wynwood Art District in the background; and, except as expressly admitted herein, denies the allegations in Paragraph 34 of the Complaint.

35. Admits the allegations of Paragraph 35 of the Complaint.

36. Admits the allegations of Paragraph 36 of the Complaint.

37. Refers to Exhibit C to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 37 of the Complaint.

38. Denies the allegations of Paragraph 38 of the Complaint.

39. Admits the allegations of Paragraph 39 of the Complaint.

40. Refers to Exhibit D to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 40 of the Complaint.

41. Admits the allegations of Paragraph 41 of the Complaint.

42. Refers to AEO's Twitter feed for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 42 of the Complaint.

43. Admits the allegations of Paragraph 43 of the Complaint.

44. Refers to Exhibit E to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 44 of the Complaint.

45. Admits the allegations of Paragraph 45 of the Complaint.

46. Admits the allegations of Paragraph 46 of the Complaint.

47. Refers to the YouTube URL https://www.youtube.com/watch?v=vp12kUWW95s in Paragraph 47 of the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 47 of the Complaint.

48. Admits the allegations of Paragraph 48 of the Complaint.

49. Admits the allegations of Paragraph 49 of the Complaint.

50. Admits that certain videos from its 2014 Alternative Spring Break campaign were displayed in certain AEO retail stores, including AEO's New York Times Square location and one or more retail store locations outside of the United States; and, except as expressly admitted herein, denies the allegations in Paragraph 50 of the Complaint.

51. Admits that AEO provided certain images from its 2014 Alternative Spring Break project to certain AEO retail stores in the United States and abroad; avers that not all images in all formats from the 2014 Alternative Spring Break project were provided; and, except as expressly admitted herein, denies the allegations of paragraph 51 of the Complaint.

52. Refers to Exhibit G to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 52 of the Complaint.

53. Admits it displayed on a limited number of billboards certain images from AEO's 2014 Alternative Spring Break campaign, and, except as expressly admitted herein, denies the allegations of Paragraph 53 of the Complaint.

54. Refers to Exhibit H to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 54 of the Complaint.

55. Admits that AEO displayed a limited number of images from AEO's 2014 Alternative Spring Break campaign, and, except as expressly admitted herein, denies the allegations of Paragraph 53 of the Complaint.

56. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57. Refers to Exhibit I to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 57 of the Complaint.

58. Refers to Exhibit I to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 58 of the Complaint.

59. Refers to Exhibit J to the Complaint for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 59 of the Complaint.

60. Admits that it received a demand letter from counsel for Plaintiff dated May 5, 2014, refers to that letter for its contents, and, except as expressly admitted herein, denies the allegations in Paragraph 60 of the Complaint.

61. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint and therefore denies the same.

**ANSWER TO FIRST PURPORTED CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq.***

62. Repeats its responses to each and every allegation set forth in Paragraphs 1-61, and incorporates them here by reference.

63. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint and therefore denies the same.

64. Admits that it has displayed images from AEO's 2014 Alternative Spring Break campaign; and, except as expressly admitted herein, denies the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations of Paragraph 65 of the Complaint.

66. Denies the allegations of Paragraph 66 of the Complaint.

67. Denies the allegations of Paragraph 67 of the Complaint.

68. Denies the allegations of Paragraph 68 of the Complaint.

69. Denies the allegations of Paragraph 69 of the Complaint.

70. Denies the allegations of Paragraph 70 of the Complaint.

## AFFIRMATIVE DEFENSES

71. AEO asserts the following affirmative defenses and reserves the right to assert additional defenses if and when appropriate, including without limitation based on information disclosed in discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

72. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

73. Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of fair use, including without limitation pursuant to 17 U.S.C. § 107 and other applicable law.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, Consent, or Estoppel)

74. Plaintiff's copyright infringement claim is barred in whole or in part by the doctrines of waiver, acquiescence, consent, or estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

75.     Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid Copyright)

76.     Plaintiff's copyright claim is barred in whole or in part to the extent the copyright registration alleged in the Complaint was procured through the use of misstatements or omissions that were material to the registration and material to the purpose for which Plaintiff invokes the registration in this action.

## SIXTH AFFIRMATIVE DEFENSE
### (No Predicate Domestic Infringement
### To Support Extraterritorial Claims)

77.     One or more of Plaintiff's claims alleging that AEO infringed Plaintiff's Ocean Grown work and ASG Red Pattern GS work outside of the United States is not supported by an act of infringement occurring within the United States.

## **PRAYER FOR RELIEF**

WHEREFORE, AEO respectfully requests:

1.      That judgment be entered in favor of AEO and against Plaintiff on each and every one of Plaintiff's causes of action and that Plaintiff take nothing by its Complaint;

2.      That the Court award AEO its costs of suit and reasonable attorneys' fees and costs pursuant to applicable law, including without limitation 17 U.S.C. § 505 and 15 U.S.C. § 1117;

3.      That the Court grant AEO such other and further relief as the Court deems just and proper.

DATED: September 29, 2014

                */s/ Lisa Pearson*_____
                Lisa Pearson
                KILPATRICK TOWNSEND & STOCKTON LLP
                The Grace Building, 1114 Avenue of the Americas
                New York, NY, 10036-7703
                (212) 775-8725
                LPearson@KilpatrickTownsend.com

                Charles H. Hooker III (*pro hac vice* application to be submitted)
                W. Andrew Pequignot (*pro hac vice* application to be submitted)
                KILPATRICK TOWNSEND & STOCKTON LLP
                1100 Peachtree Street, N.E., Suite 2800
                Atlanta, GA 30309-4528
                (404) 815-6500
                APequignot@KilpatrickTownsend.com
                CHooker@KilpatrickTownsend.com

                *Attorneys for Defendant*
                *American Eagle Outfitters, Inc.*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing Answer was served upon counsel of record by filing it electronically with Court's CM/ECF system.

Dated: September 29, 2014

*/s/ Charles H. Hooker III*
Charles H. Hooker III